**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

BRYAN D. JOHNSON
ADC #106007                                                                     PLAINTIFF

V.                                        NO: 2:06CV00219 WRW/HDY

HARMON *et al.*                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed his complaint on November 6, 2006, alleging that he was improperly

disciplined and forced to remain in isolation and perform hard labor, despite the fact that disciplinary

charges Defendant Kevin Bell had filed against him were dismissed.  Now pending before the Court

are motions to dismiss and supporting briefs filed by Defendants Moses Jackson and Wallace

McNary (docket entries #15 & #16), and Bell (docket entries #27 & #28).  Plaintiff has filed two

responses (docket entries #25 & #31), along with a brief in support (docket entry #32).

## I.  Standard of Review

In  evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),  the

Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears

beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would

entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.

1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's

*pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II.  Analysis

*A.  Defendant Bell*

According to Plaintiff's complaint, Bell charged him with a disciplinary violation on March 26, 2006, that was later dismissed because Bell "failed to show that [Plaintiff] violated any rules." Although the disciplinary was dismissed, Plaintiff contends that he still served 31 extra days in isolation, and 30 extra days on the hoe squad.  Plaintiff grieved the issue, and attached to his complaint a grievance resolution response indicating that his grievance had merit, and policy had not been adhered to in the handling of his situation.  Plaintiff makes no further allegation against Bell, except to state vaguely that "all three officers" led him on as long as possible.  Bell asserts that Plaintiff's complaint fails to state a claim upon which relief may be granted, in that a violation of Arkansas Department of Correction ("ADC") policies is not a constitutional violation, and, even if the disciplinary charge was false, which Bell denies, it is not actionable, because it was not done in retaliation for Plaintiff's exercise of a constitutional right.  Bell also contends he is entitled to qualified immunity.

Plaintiff's allegations concerning violation of ADC policy involve his staying on D.C.R. status longer than provided for by policy, after the charges were dismissed.  It does not appear there is an allegation that Bell had anything to do with assigning Plaintiff a certain status.  However, even if he did, and policy was violated, such an allegation does not state a claim for a constitutional violation.  *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).  Likewise, even if the disciplinary charge filed by Bell was false, a false

disciplinary is not itself a constitutional violation.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th

Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S.

982 (1988)).   Although Plaintiff has stated the charge was in retaliation for his exercise of

constitutional rights, his brief responding to the motions to dismiss (docket entry #32) makes it clear

that Bell merely discounted Plaintiff's statement and the statement of others regarding the incident

at issue in the disciplinary.   Nothing in Plaintiff's description of the reason for the charge indicates

that the disciplinary was written in retaliation for Plaintiff's exercise of constitutional rights.

Accordingly, Bell's motion to dismiss should be granted, and Plaintiff's claims against Bell should

be dismissed.

## B.  Defendants Jackson and McNary

In his complaint, Plaintiff asserts that McNary told him his disciplinary had been dismissed,

and he had been placed on "D.C.R.," when he had not.  Plaintiff further claims that he told Jackson

of the problem, who said he would look into it, but apparently never reported back to Plaintiff with

any resolution of the issue.

Jackson and McNary's motion to dismiss alleges that Plaintiff's complaint fails to state a

claim as to them, that there is no § 1983 liability for violation of prison policy, and that they are

entitled to qualified immunity.  Plaintiff's responses to their motion adds little to his initial complaint

in the way of facts, and, with respect to Jackson and McNary, merely alleges that they had "first-hand

dealings with this matter," and knowingly violated his rights.  Neither Jackson nor McNary is alleged

to have been personally involved in wrongly placing Plaintiff in isolation, or on the hoe squad.[1]  It

---

[1]Plaintiff does allege that Jackson and McNary should have known that ADC policy was being violated, and acted to remove him from isolation, or notify the proper authorities to have him removed (docket entry #25).

appears the only allegation against McNary is that he told Plaintiff his disciplinary was dismissed, and gave Plaintiff incorrect information as to his being placed on DCR status. Plaintiff only alleges that Jackson was told of the problem, and failed to keep his promise to report back to Plaintiff on his investigation. To the extent Plaintiff is alleging that either Jackson or McNary violated policy by allowing him to remain in isolation longer than he should have, Plaintiff has failed to state a claim upon which relief may be granted. *See Gardner,* 109 F. 3d 427, 430. If he is trying to assert a due process violation, his claim also fails. Only sanctions that impose atypical and significant hardships upon a prisoner in relation to the ordinary restraints and incidents of prison life implicate the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Plaintiff has identified no such sanctions here. Although the disciplinary charges against Plaintiff were dismissed, it does not necessarily follow that he has suffered an actionable constitutional violation. Neither Plaintiff's complaint, nor his response to the motion to dismiss, provide any facts to indicate any constitutional violations by Jackson or McNary. Thus, their motion should be granted, and Plaintiff's claims against them should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     The motion to dismiss filed by Jackson and McNary (docket entry #15) be GRANTED, and Plaintiff's claims against Jackson and McNary be dismissed.

2.     The motion to dismiss filed by Bell (docket entry #27) be GRANTED, and Plaintiff's claims against Bell be dismissed.

3.     Plaintiff's complaint be DISMISSED WITH PREJUDICE.

4.     The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action be considered frivolous and not in good faith.

DATED this __26__ day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE